1  Anthony G. Brazil (State Bar No. 84297)
2  Kanika D. Corley (State Bar No. 223607)
   **MORRIS POLICH & PURDY LLP**
3  1055 West Seventh Street, Suite 2400
4  Los Angeles, CA 90017
   Telephone:      (213) 891-9100
5  Facsimile:      (213) 488-1178

6  Attorneys for Defendant
7  AMERISOURCEBERGEN DRUG CORPORATION

8              **UNITED STATES DISTRICT COURT**
9             **EASTERN DISTRICT OF CALIFORNIA**
10

11 ARTHUR BLUETT and PATRICIA          Case No.  2:06-CV-02787-DFL-DAD
   BLUETT
12
           Plaintiffs,
13                                       **ANSWER AND AFFIRMATIVE**
14        vs.                            **DEFENSES OF DEFENDANT**
                                         **AMERISOURCEBERGEN DRUG**
15 MERCK & COMPANY, INC., a              **CORPORATION TO PLAINTIFFS'**
   Corporation; MCKESSON                 **COMPLAINT; DEMAND FOR JURY**
16 CORPORATION; a Corporation;           **TRIAL**
   AMERISOURCEBERGEN DRUG
17 CORPORATION, a Corporation; PFIZER
   INC.; PHARMACIA CORPORATION;
18 G. D. SEARLE LLC, (FKA G.D.
   SEARLE & CO.); DOES 1 to 100;
19 PHARMACEUTICAL DEFENDANT
   DOES 101 to 200; DISTRIBUTOR
20 DEFENDANT DOES 201 to 300,
   inclusive,
21
           Defendants.
22

23      Defendant AMERISOURCEBERGEN DRUG CORPORATION ("Defendant" or

24 "AMERISOURCEBERGEN") files the following Answer to the unverified Complaint

25 ("Complaint") filed in the matter of ARTHUR BLUETT, et al. v. MERCK &

26 COMPANY, INC., et al. (The term "Plaintiffs" as used herein shall refer to ARTHUR

27 BLUETT and PATRICIA BLUETT.) Defendant responds to Plaintiffs' Complaint as

28 follows:

L0072734                              -1-
**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG**
**CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1

## INTRODUCTION

AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN distributes products manufactured by others. As to VIOXX®, AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks information or knowledge sufficient to admit or deny the remaining allegations contained in the introduction paragraph of the Complaint and therefore denies such allegations.

## GENERAL ALLEGATIONS

1.     AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN distributes products manufactured by others. As to VIOXX®, AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint, and its subparts and subparagraphs, and therefore denies such allegations.

2.     AMERISOURCEBERGEN is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and therefore denies such allegations.

3.     AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN distributes products manufactured by others. As to VIOXX®,

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

1   AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate,

2   label, package or repackage these products, nor does it make any representations or

3   warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks

4   information or knowledge sufficient to admit or deny the remaining allegations contained

5   in Paragraph 3 of the Complaint and therefore denies such allegations.

6       4.    AMERISOURCEBERGEN is without knowledge or information sufficient

7   to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the

8   Complaint and its subparts and subparagraphs, and therefore denies such allegations.

9       5.    AMERISOURCEBERGEN is without knowledge or information sufficient

10  to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the

11  Complaint, and therefore denies such allegations.

12      6.    AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals,

13  over-the-counter and health and beauty products to chain, independent pharmacy

14  customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN

15  distributes    products    manufactured    by    others.    As    to    VIOXX®,

16  AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate,

17  label, package or repackage these products, nor does it make any representations or

18  warranties as to the products' safety or efficacy. ·AMERISOURCEBERGEN lacks

19  information or knowledge sufficient to admit or deny the remaining allegations contained

20  in Paragraph 6 of the Complaint and its subparts and subparagraphs and therefore denies

21  such allegations.

22      7.    AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals,

23  over-the-counter and health and beauty products to chain, independent pharmacy

24  customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN

25  distributes    products    manufactured    by    others.    As    to    VIOXX®,

26  AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate,

27  label, package or repackage these products, nor does it make any representations or

28  warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

1  information or knowledge sufficient to admit or deny the remaining allegations contained

2  in Paragraph 7 of the Complaint and its subparts and subparagraphs, and therefore denies

3  such allegations.

4  ### AFFIRMATIVE DEFENSES

5  ### FIRST AFFIRMATIVE DEFENSE

6     8.    The Complaint and all causes of action asserted against Defendant fail to

7  state facts sufficient to constitute a cause of action.

8  ### SECOND AFFIRMATIVE DEFENSE

9     9.    Federal law preempts Plaintiffs' claims.  Plaintiffs have asserted claims for

10  relief which, if granted, would constitute an impermissible burden by this Court on

11  Federal laws, regulations, and policies relating to the development and marketing of

12  products, in violation of the Supremacy Clause, Article VI of the Constitution of the

13  United States.

14  ### THIRD AFFIRMATIVE DEFENSE

15     10.    The causes of action alleged in the Complaint are barred by the applicable

16  statutes of limitations and/or statutes of repose, including but not limited to California

17  *Code of Civil Procedure* §§ 335.1 and 338 and former § 340(3), California *Business and*

18  *Professions Code* § 17208, and  *California Civil Code* § 1783.

19  ### FOURTH AFFIRMATIVE DEFENSE

20     11.    During the time periods alleged in the Complaint, Plaintiffs failed to

21  exercise ordinary care on Plaintiffs' own behalf for Plaintiffs' safety.   Plaintiffs'

22  recklessness, carelessness and/or negligence caused any injury and damage that Plaintiff

23  may have sustained.  Plaintiffs' right to recover should be diminished by Plaintiffs'

24  proportional share of fault.

25  ### FIFTH AFFIRMATIVE DEFENSE

26     12.    Plaintiffs failed to mitigate any damage that Plaintiffs may have sustained.

27  Plaintiffs failed to exercise reasonable care to avoid the consequences of harm, if any.

28  Among other things, Plaintiffs failed to use reasonable diligence in caring for any injury,

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

1  use reasonable means to prevent aggravation of any injury, and/or take reasonable
2  precautions to reduce any injury and damage.

3  ### SIXTH AFFIRMATIVE DEFENSE

4  13.    During the time periods alleged in the Complaint, Plaintiffs had full
5  knowledge of the risks and possible adverse effects pertaining to the use of the products.
6  Defendant alleges that part or all of the injuries, damages, or losses, if any, that Plaintiffs
7  claim to have sustained arose from or were caused by such risks. Plaintiffs were aware
8  of, accepted, and assumed the risks and possible adverse effects. Plaintiffs' recovery, if
9  any, should be diminished, reduced, offset, or barred by Plaintiffs' assumption of the
10  risks and informed consent.

11  ### SEVENTH AFFIRMATIVE DEFENSE

12  14.    Defendant denies that Plaintiffs suffered injuries or incurred any damages, or
13  that any defendant is liable. If Plaintiffs did suffer any injuries or incur any damages, any
14  injuries or damages were caused, in whole or in part, by the acts or omissions of persons
15  or entities other than Defendant or superseding or intervening causes over which
16  Defendant had no control. If there is any negligence or liability by any defendant, it is the
17  sole and exclusive negligence and liability of others and not this answering Defendant.

18  ### EIGHTH AFFIRMATIVE DEFENSE

19  15.    The intervening or superseding cause of any injury allegedly sustained by
20  the Plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for
21  which conduct Defendant cannot be held responsible.

22  ### NINTH AFFIRMATIVE DEFENSE

23  16.    Plaintiffs' alleged damages, injuries, or losses, if any, were not proximately
24  caused by any alleged act, omission, or breach of duty by Defendant but were caused in
25  whole or in part by the acts or omissions of Plaintiffs and/or others so that the principles
26  of contributory negligence, comparative fault and/or assumption of the risk apply.

27  ### TENTH AFFIRMATIVE DEFENSE

28  17.    Plaintiffs' claims are barred in whole or in part because they have been

L0072734                                        -5-
**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

improperly joined in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

18.     If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the Master Complaint, and if there is a finding of any liability in favor of Plaintiffs or settlement or judgment against Defendant, Defendant requests that the Court or Jury make an apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co.* and *American Motorcycle Association v. Superior Court.* Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### TWELFTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred in whole or in part because they have been filed in an improper venue.

### THIRTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiffs' alleged injuries were the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable, or was not the result of any conduct or negligence on the part of Defendant; and/or was not the result of any defect in any product distributed or sold by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

21.     The hazards of foreseeable uses and misuses of the product are open and obvious.

### FIFTEENTH AFFIRMATIVE DEFENSE

22.     After the products left the possession and control of Defendant, if in fact any products were ever in the possession or control of Defendant, the products were redesigned, modified, altered, or subjected to treatment that substantially changed their character without Defendant's knowledge. Any alleged defect resulted, if at all, from the redesign, modification, alteration, treatment or other change of the products after Defendant relinquished possession of and control over any of the products.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2       23.    The design, manufacture, and marketing of the products were in conformity

3   with the "state of the art" existing at the time of such design, manufacture, and marketing.

4

## SEVENTEENTH AFFIRMATIVE DEFENSE

5       24.    The learned intermediary doctrine bars Plaintiffs' recovery of any damages.

6   Any duty to warn Plaintiffs of the risks and hazards associated with the products was

7   discharged by providing adequate warning to physicians.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9       25.    To the extent that Plaintiffs allege a failure to warn by Defendant, Defendant

10  alleges that the manufacturers, physician, and other health care providers associated with

11  the products knew, or should have been aware, of any risk and hazard that Plaintiffs

12  and/or Plaintiffs' decedent alleges rendered the products defective and that allegedly

13  caused Plaintiffs' and/or Plaintiffs' decedent's injuries and damages, if any.  To the

14  extent that such manufacturers, physician, and other health care providers failed to

15  advise, inform, or warn Plaintiffs of such risks and hazards, such failure is imputed to

16  Plaintiffs under agency principles and Plaintiffs and/or Plaintiffs' decedent knowingly

17  and voluntarily assumed the risk of any injury as a result of the consumption of,

18  administration of, or exposure to the product.

19

## NINETEENTH AFFIRMATIVE DEFENSE

20      26.    The Complaint is barred due to the lack of privity, or a "transaction,"

21  between Plaintiffs and Defendant.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23      27.    This Court lacks personal jurisdiction over this answering Defendant.

24

## TWENTY-FIRST AFFIRMATIVE DEFENSE

25      28.    Plaintiffs' claims are barred in whole or in part by the doctrines of accord

26  and satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral

27  estoppel, judicial estoppel, equitable estoppel, unclean hands, laches, and/or statutory and

28  regulatory compliance.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

    29.   The products were not used in the manner in which they were intended to be

3

used.   The products were used in a manner that was abnormal and not reasonably

4

foreseeable by Defendant.   Such misuse of the products proximately caused or

5

contributed to Plaintiffs' alleged damages, injuries, and losses, if any.

6

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

7

    30.   The imposition of punitive or exemplary damages against Defendant or that

8

are in any way imputed against the interests of Defendant would violate the ruling in

9

*State Farm Mut. Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408, and Defendant's

10

constitutional rights under: the Due Process clauses in the Fifth and Fourteenth

11

Amendments to the Constitution of the United States; the Sixth Amendment to the

12

Constitution of the United States; the Double Jeopardy clause in the Fifth Amendment to

13

the Constitution of the United States; comparable provisions contained within the

14

California Constitution; the common law and public policies of California; and applicable

15

statutes and court rules, including but not limited to, imposition of punitive damages and

16

determination of such an award:

17

        (a)    by a jury when the jury is: (i) not given standards of sufficient clarity for

18

                determining the appropriateness, and the appropriate size, of a punitive

19

                damages award; (ii) not adequately and clearly instructed on the limits on

20

                punitive damages imposed by the principles of deterrence and punishment;

21

                (iii) not expressly prohibited from awarding punitive damages, or

22

                determining the amount of such an award, in whole or in part, on the basis of

23

                invidiously discriminatory characteristics, including the corporate status,

24

                wealth, or state of residence of Defendant; (iv) permitted to award punitive

25

                damages under a standard for determining liability for such damages which

26

                is vague and arbitrary and does not define with sufficient clarity the conduct

27

                or mental state which makes punitive damages permissible; and (v) not

28

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1    subject to trial court and appellate judicial review for reasonableness, the

2    furtherance of legitimate purpose, and the basis of objective standards;

3    (b)    where applicable law is impermissibly vague, imprecise, or inconsistent;

4    (c)    subject to no predetermined limit, such as a maximum multiple of

5    compensatory damages or a maximum amount; and

6    (d)    based upon anything other than  Defendant's conduct in connection with the

7    sale of the products alleged in this litigation, or in any other way subjecting

8    Defendant to impermissible multiple punishment for the same alleged

9    wrong.

10    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11    31.    While continuing to deny any and all liability, Defendant states that if the

12    court determines that Plaintiffs are entitled to assert a claim for punitive damages, such

13    claim cannot be permitted to go forward until the trier of fact determines that punitive

14    damages should be considered, and, ultimately all issues regarding punitive damages

15    should be bifurcated at trial.   Any award for punitive or exemplary damage absent

16    bifurcating trial as to issues of compensatory and exemplary damages would be in

17    violation of Defendant's rights to due process under the Unites States Constitution and

18    the correlative provisions of California law.

19    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20    32.    At all times, any products distributed by Defendant were distributed in

21    compliance with all applicable federal, state and local laws and regulations, and rules

22    promulgated and enforced by the Food and Drug Administration.   The products were

23    subject to and received pre-market approval by the Food and Drug Administration under

24    52 Stat. 1040, 21 U.S.C. § 301.   Compliance with such laws, regulations, and rules

25    demonstrates that due care and reasonable prudence were exercised in the design,

26    manufacture, and promotion of the subject pharmaceutical product and that said product

27    was not defective in any way.

28    ///

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2      33.    Any damages, injuries and/or losses alleged to have been suffered by

3  Plaintiffs have been mitigated, in whole or in part, by reimbursement from collateral

4  sources and therefore, Plaintiffs' claims against Defendant are barred and/or reduced by

5  any applicable set off.

6

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

7      34.    At all times, Defendant's acts or omissions were privileged, justified, fair

8  and undertaken in the good faith exercise of a valid business purpose.

9

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10     35.    Plaintiffs cannot demonstrate the necessary elements to support the request

11  for injunctive relief, including without limitation, a threat of imminent or immediate

12  harm.

13

## TWENTY-NINTH AFFIRMATIVE DEFENSE

14     36.    Any alleged act or omission by Defendant concerning the manufacture,

15  warning, labeling, advertising and sale of VIOXX® referred to in the Complaint, was at

16  all times, the duty of an entity other than Defendant. Defendant acted in good faith

17  concerning all services for which it had a duty to provide as referred to in the Complaint.

18

## THIRTIETH AFFIRMATIVE DEFENSE

19     37.    Plaintiffs' claims for disgorgement or restitution are barred under the

20  decision in *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116 and related

21  authority.

22

## THIRTY-FIRST AFFIRMATIVE DEFENSE

23     38.    Plaintiffs' alleged injuries or illnesses preexisted or were suffered after the

24  alleged use of the products, and Plaintiffs' alleged injuries or illnesses were neither

25  caused nor exacerbated by said alleged use.

26

## THIRTY-SECOND AFFIRMATIVE DEFENSE

27     39.    Plaintiffs' injuries were caused or contributed to by their failure to follow

28  the directions and precautions provided by the product's manufacturer(s).

1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

2      40.   Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to
3  give adequate and timely notice of his alleged claims against Defendant and/or because
4  the alleged warranties were disclaimed.

5

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

6      41.   Defendant's alleged business practices with respect to the subject product
7  were lawful, fair, truthful, not misleading or deceptive, not fraudulent, and were justified
8  based on the state of medical and scientific knowledge available during the relevant time
9  and were in compliance with the applicable laws, regulations, and rules within the
10  meaning of either *Business and Professions Code* Section 17200, et seq. or *Business and*
11  *Professions Code* Section 17500, et seq.

12

## THIRTY- FIFTH AFFIRMATIVE DEFENSE

13      42.   Plaintiffs' claimed injuries and/or damages are so remote, speculative or
14  contingent that Plaintiffs' claims must be barred on public policy grounds.

15

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

16      43.   The conduct alleged in the Complaint does not plead a "violation of law"
17  sufficient to provide the necessary predicate for an "unlawful" business practices claim,
18  or any other claim, under either *Business and Professions Code* Section 17200, et seq. or
19  *Business and Professions Code* Section 17500 et seq.

20

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

21      44.   Plaintiffs' claims under *Business and Professions Code* Section 17200, et
22  seq. or *Business and Professions Code* Section 17500 et seq. are barred in whole or in
23  part under principles of substantive and procedural due process.

24

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

25      45.   Plaintiffs' claims under *Business and Professions Code* Section 17200, et
26  seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in
27  part because Plaintiffs do not qualify as private attorneys general, and for that reason,
28  among others, lack standing to prosecute a claim for injunctive or monetary relief.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

2    46.   Plaintiffs' claims under *Business and Professions Code* Section 17200, et

3    seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in

4    part because there is no basis for injunctive relief in this action and Plaintiffs have an

5    adequate remedy at law.

6

## FORTIETH AFFIRMATIVE DEFENSE

7    47.   Plaintiffs' claims under *Business and Professions Code* Section 17200, et

8    seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in

9    part by the doctrine of primary jurisdiction.  The subject of pharmaceutical product and

10   any advertising regarding such product are regulated by the Food and Drug

11   Administration and as such, answering Defendant requests that this Court, sitting in

12   equity, abstain from hearing claims under Sections 17200, et seq. and 17500, et seq.,

13   which are accordingly preempted by Federal law.

14

## FORTY-FIRST A FFIRMATIVE DEFENSE

15   48.   The Plaintiffs are barred from recovery against Defendant because of the

16   sophisticated user doctrine.

17

## FORTY-SECOND AFFIRMATIVE DEFENSE

18   49.   Plaintiffs' strict liability claims are barred under the principles set forth in

19   *Brown v. Superior Court* (1988) 44 Cal.3d 1088.

20

## FORTY-THIRD AFFIRMATIVE DEFENSE

21   50.   Plaintiffs' claim, if any, for loss of consortium is barred because it is

22   derivative of the injured Plaintiffs'/decedent's claim, which fails pursuant to the

23   affirmative defenses set forth herein.

24

## FORTY-FOURTH AFFIRMATIVE DEFENSE

25   51.   Defendant is a provider of services, not products, and thus is not strictly

26   liable under California law.

27

## FORTY-FIFTH AFFIRMATIVE DEFENSE

28   52.   Plaintiffs' Complaint fails to allege ultimate facts sufficient to state a cause

1  of action predicated upon negligence, strict liability, breach of implied warranty, breach
2  of express warranty, failure to warn or deceit by concealment.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

4      53.   Plaintiffs' claims of any non-economic damages are subject to *California*
5  *Civil Code* §1431.2, which is applicable to the Complaint and each cause of action
6  therein.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

8      54.   The product at issue in this litigation is not defective or unreasonably
9  dangerous because it is a prescription pharmaceutical bearing adequate warnings, and is
10  subject to the comment j exception to strict liability as set forth in § 402A of the
11  Restatement (Second) of Torts (1965), and/or because it is a prescription pharmaceutical
12  that is unavoidably unsafe pursuant to comment k of § 402A of the Restatement (Second)
13  of Torts (1965).

### FORTY-EIGHT AFFIRMATIVE DEFENSE

15      55.   Plaintiffs' claims are barred in whole or in part because the subject
16  pharmaceutical product "provides net benefits for a class of patients" within the meaning
17  of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### FORTY-NINTH AFFIRMATIVE DEFENSE

19      56.   Plaintiffs' claims are barred under Section 4, et seq., of the Restatement
20  (Third) of Torts: Products Liability.

### FIFTIETH AFFIRMATIVE DEFENSE

22      57.   Plaintiffs' claims, if any, related to negligence per se are barred, in whole or
23  in part, because there is no statute violated by this Defendant.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

25      58.   Plaintiffs' claims are barred in whole or in part by the deference given to the
26  primary jurisdiction of the Food and Drug Administration over the subject
27  pharmaceutical product under applicable federal laws, regulations, and rules. These
28  claims are thus preempted by Federal law.

1

### FIFTY-SECOND AFFIRMATIVE DEFENSE

2      59.    Plaintiffs' claims are barred in whole or in part because there is no private

3  right of action concerning matters regulated by the Food and Drug Administration under

4  applicable federal laws, regulations, and rules.

5

### FIFTY-THIRD AFFIRMATIVE DEFENSE

6      60.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack

7  standing to bring such claims.

8

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

9      61.    Plaintiffs' claims are barred in whole or in part because they fail to meet the

10  requirements of *California Code of Civil Procedure* §§ 377.30, et seq., and 377.60, et

11  seq., governing a decedent's cause of action and wrongful death actions.

12

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

13      62.    Plaintiffs' claims are barred to the extent they are made by, or on behalf of,

14  out of state Plaintiffs or Plaintiffs' decedent, or arose from events occurring out of state,

15  are barred in whole or in part under principles of forum non conveniens and due process.

16

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

17      63.    Plaintiffs' claims are barred in whole or in part because the Complaint fails

18  to join necessary and indispensable parties.

19

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

20      64.    Plaintiffs' Consumer Legal Remedies Act cause of action is barred because

21  it fails to meet the requirements of *California Civil Code* §§ 1750, et seq.

22

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

23      65.    Defendant did not design, manufacture, formulate, distribute, market, sell,

24  research, develop, test or supply the VIOXX® that was alleged to have been ingested by

25  Plaintiffs and/or any of the ingredients contained therein.

26

### FIFTY-NINTH AFFIRMATIVE DEFENSE

27      66.    Plaintiffs failed to allege specific facts that Defendant distributed and/or

28  supplied the subject product that Plaintiffs allegedly ingested.  Accordingly, Plaintiffs

1  failed to plead facts sufficient to show an actual connection between Defendant's alleged

2  conduct and the Plaintiffs' purported injury and Defendant has, therefore, been

3  fraudulently joined.

4  <center>**SIXTIETH AFFIRMATIVE DEFENSE**</center>

5      67.    Plaintiffs' vague allegations are legal conclusions directed at "defendants" in

6  general and fail to support any claims specific to Defendant.

7  <center>**SIXTY-FIRST AFFIRMATIVE DEFENSE**</center>

8      68.    Plaintiffs' claims are barred by the applicable prescriptive periods or statutes

9  of limitations provided for such claims.

10  <center>**SIXTY-SECOND AFFIRMATIVE DEFENSE**</center>

11     69.    Defendant denies that the products distributed by it caused or contributed to

12  the alleged injuries of Plaintiffs and further denies that it is liable to Plaintiffs for the

13  claims alleged or for any other claims whatsoever.

14  <center>**SIXTY-THIRD AFFIRMATIVE DEFENSE**</center>

15     70.    Defendant did not make any material representation of fact regarding the

16  products it distributes which was not true, or if such representation was made, which

17  Defendant specifically denies, then AMERISOURCEBERGEN did not make such

18  representation with the intent to either deceive or to induce Plaintiffs to act in justifiable

19  reliance.

20  <center>**SIXTY-FOURTH AFFIRMATIVE DEFENSE**</center>

21     71.    Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any

22  statement, representation, advice or conduct of AMERISOURCEBERGEN, and did not

23  act upon any statement, representation advice or conduct to their detriment.

24  <center>**SIXTY-FIFTH AFFIRMATIVE DEFENSE**</center>

25     72.    Defendant asserts that as of the relevant times alleged in the Complaint, it

26  did not know and, in light of the then existing reasonable available scientific and

27  technological knowledge, could not have known of: (1) the design characteristics, if any,

28  that allegedly caused the injuries and damages complained of in the Petition; (2) the

L0072734                                    -15-
**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG**
**CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1 | alleged danger of any such design characteristics.

2 | ## SIXTY-SIXTH AFFIRMATIVE DEFENSE

3 | 73.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs, or
4 | any state entity acting on behalf of Plaintiffs,  has released, settled, entered into an accord
5 | and satisfaction or otherwise compromised Plaintiffs' claims.

6 | ## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

7 | 74.    Defendant is entitled to set-off, should any damages be awarded against it, in
8 | the amount of damages or settlement amounts recovered by Plaintiffs, or any state entity
9 | acting on behalf of Plaintiffs, with respect to the same alleged injuries. Defendant is also
10 | entitled to have any damages that may be awarded to Plaintiffs reduced by the value of
11 | any benefit or payment to Plaintiffs, or any state entity acting on behalf of Plaintiffs, from
12 | any collateral source.

13 | ## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

14 | 75.    Defendant asserts that it has complied with all applicable state and federal
15 | laws relating to the distribution and/or sale of pharmaceuticals.

16 | ## SIXTY-NINTH AFFIRMATIVE DEFENSE

17 | 76.    To the extent Plaintiffs assert claims based upon an alleged failure by
18 | Defendant to warn Plaintiffs directly of alleged dangers associated with the use of
19 | VIOXX®, such claims are barred under the learned intermediary doctrine.

20 | ## SEVENTIETH AFFIRMATIVE DEFENSE

21 | 77.    Defendant reserves the right to rely upon other affirmative defenses as they
22 | become reasonably available and apparent during the discovery proceedings in this case.
23 | Defendant reserves the right to amend this Answer to assert any such defenses.

24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1     **WHEREFORE,** AMERISOURCEBERGEN prays for relief as follows:

2     1.    That Plaintiffs take nothing by this action;

3     2.    That judgment be entered in favor of AMERISOURCEBERGEN and against

4 Plaintiffs;

5     3.    That AMERISOURCEBERGEN be awarded costs of suit herein; and

6     4.    For such other and further relief as the Court may deem just and proper.

7

8 Dated: December **21** , 2006        Respectfully Submitted,

9

10                  **MORRIS POLICH & PURDY LLP**

11

12                  By:   /s/ Kanika D. Corley, Esq.

13                        Anthony G. Brazil

14                        Kanika D. Corley

                     Attorneys for Defendant
                     AMERISOURCEBERGEN DRUG
                     CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L0072734

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2    Defendants hereby demand trial by jury in this matter.

3

4    Dated: December 21 , 2006          Respectfully Submitted,

5
                                        **MORRIS POLICH & PURDY LLP**
6

7

8                                       By:  /s/ Kanika D. Corley
                                             Anthony G. Brazil
9                                            Kanika D. Corley
                                        Attorneys for Defendant
10                                      AMERISOURCEBERGEN DRUG
                                        CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1

## ELECTRONIC PROOF OF SERVICE

2

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

4

On December 22, 2006, pursuant to the Court's Electronic Filing System, I

5

☒    submitted an electronic version of the following document via file transfer protocol to ECF (Electronic Case Filing)

6

☐    submitted a hard copy of the following document to ECF (Electronic Case Filing) by

7

8

☐    facsimile            ☐    overnight delivery

9

10

## "ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL"

11

12

13

☐ **STATE** I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

14

15

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

16

17

Executed on December 22, 2006, at Los Angeles, California.

18

19

20

21

22

Elena Juarez-Holguin

23

24

25

26

27

28

**ELECTRONIC PROOF OF SERVICE**